# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON WILEY,

    Defendant.

2:10-cr-0456-LDG-LRL

**ORDER**

    The government previously filed a motion to exclude the testimony of all four of Wiley's proposed expert witnesses (#67, opp'n #73). The government argued that the court should exclude this testimony because Wiley had failed to provide a summary of anticipated expert testimony as required by Rule 16(b)(1)(C) and because, even if he had, none of the proposed testimony would assist the trier of fact. On July 14, 2011, the court heard argument on the government's motion, ordered the parties to file supplemental briefs on the issues, and continued oral argument on the motion until August 11 (#77, supp. opp'n #84, supp. reply #85).

    Although Wiley initially disclosed four potential expert witnesses, his supplemental opposition to the government's motion only presented argument in support of the testimony of Dr. Deborah Davis, a professor of psychology at the University of Nevada-Reno.[1] Wiley's counsel suggested that Dr. Davis would testify about "human perception and memory regarding eyewitness identification." Def.'s Supp. Opp'n 5, ECF No. 84. The government, in its supplemental reply, argued that Wiley's counsel had still failed to provide a written summary of anticipated expert

---

[1] At oral argument on August 11, 2011, Wiley's counsel confirmed that he no longer opposed the government's motion with regard to Wiley's three other proposed experts, Wheeler, Pitaro, and Klekoda-Baker.

testimony as required by Rule 16(b)(1)(c) and that, in any event, the proposed eyewitness expert testimony was unnecessary and will not assist the jury.  On August 11, 2011, the court heard additional argument on the government's motion and ordered Wiley to provide a summary of anticipated expert testimony as required by Rule 16(b)(1)(c).  Wiley subsequently filed a supplemental notice of expert witnesses (#95).

The government has now filed a renewed motion to exclude Wiley's proposed expert witnesses (#103, opp'n #105).  The government argues that Dr. Davis' anticipated testimony should be excluded under Rule 702 because it will not assist the trier of fact and under Rule 403 because the probative value of the testimony is substantially outweighed by its potential to confuse and mislead the jury.  The court agrees.  Wiley argues that Dr. Davis would testify about the failures of eyewitness testimony in high stress situations with limited visibility and that Dr. Davis's testimony will assist the jury because Wiley "has not been positively identified by any of the eyewitnesses" and "the conditions under which he was 'identified' was from either long distances and dark alleys or inside with a wig, baggy clothes, sunglasses and a hat."  These issues seem adequately addressed by cross-examination, arguments of counsel, and appropriate jury instructions.  *See United States v. Christophe*, 833 F.2d 1296, 1300 (9th Cir. 1987) ("We adhere to the position that skillful cross examination of eyewitnesses, coupled with appeals to the experience and common sense of jurors, will sufficiently alert jurors to specific conditions that render a particular eyewitness identification unreliable."); *see also Howard v. Clark*, 608 F.3d 563, 574 (9th Cir. 2010) ("We have repeatedly affirmed district court decisions to exclude the testimony of eyewitness-identification experts from federal criminal trials."); *United States v. Ginn*, 87 F.3d 367, 370 (9th Cir. 1996) ("The district court could reasonably find that the most efficient method of attacking the credibility of the eyewitness testimony would be through cross-examination of the eyewitnesses. We conclude the district court did not err by excluding the proffered expert's testimony."); *U.S. v. Brewer*, 783 F.2d 841, 843 (9th Cir. 1986) ("[C]ross-examination should

[generally] be effective to expose any inconsistencies or deficiencies in eyewitness identifications."). Wiley's admissions and the circumstantial evidence further support this conclusion. Additionally, admission of the proffered testimony could result in unfair prejudice and confusion of the issues. Accordingly,

THE COURT HEREBY ORDERS that the government's motions to exclude Wiley's proposed expert witnesses (#67 & #103) are GRANTED.

DATED this 25 day of October, 2011.

_____
Lloyd D. George
United States District Judge