# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON WILEY,

    Defendant.

Case No. 2:10-cr-00456-LDG (VCF)
Case No. 2:14-cv-02107-LDG

**ORDER**

The defendant, Jason Wiley, moves pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence (#204). Wiley asserts eleven grounds for relief:

1) That appellate counsel was ineffective for actions taken or not taken after his appeal was denied;

2) That appellate counsel was ineffective for failing to file a supplemental appellate brief addressing *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151 (2013);

3) That the Ninth Circuit abused its discretion in construing Wiley's pro se Motion to Recall Mandate as a Petition for Panel Rehearing, and then denying said motion;

4) That his Fifth and Sixth Amendment rights were violated by the imposition of the sentences pursuant to 18 U.S.C. 924(c)(1)(C);

5) That his convictions on Counts 8, 10, 12, 14, 16, 18, 20, and 22 fail for insufficient evidence;

6) That his convictions and sentences for multiple counts of using a firearm during and in relation to crimes of violence violate his Fifth Amendment and Double Jeopardy rights because the underlying crimes of violence were part of a spree and the same firearm was used for each offense.

7) That counsel was ineffective in his investigation in preparing for trial;

8) That this court abused its discretion in instructing the jury (or, construed liberally, that there was insufficient evidence to support his convictions);

9) That counsel was ineffective for allowing the Ninth Circuit to affirm his conviction;

10) That counsel was ineffective for failing to properly explain the government's plea offer;

11) Additional grounds, summarily identified as (a) a sentence under 924(c) is not mandatory; (b) counsel was ineffective for not challenging the Hobbs Act, the jury instructions, the jury selection, the indictment, prosecutorial misconduct, the bias of the court, and other unidentified problems.

As it plainly appears from the Court's initial consideration of the motion and the record of prior proceedings that, other than the Seventh ground for relief, the defendant is not entitled to any relief on his remaining grounds of relief.  Accordingly, the Court will dismiss all grounds except the Seventh Ground, and will require the government to file a response to that ground.

To prevail on a claim of ineffective assistance under 28 U.S.C. § 2255, Wiley must demonstrate: (1) that counsel's representation fell below an objective standard of

reasonableness (the "deficiency" prong); *and* (2) that counsel's deficient performance prejudiced the defendant (the "prejudice" prong). *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Supreme Court has emphasized that the movant must make a compelling evidentiary showing in order to satisfy the deficiency prong:

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance.

*Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (internal citations and quotations omitted). The Court reviews ineffectiveness claims against the backdrop of the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Stokley v. Ryan*, 659 F.3d 802, 811-12 (9th Cir. 2011). There is no constitutional deficiency where counsel fails "to raise a meritless legal argument," *Shah v. United States*, 87 F.3d 1156, 1162 (9th Cir. 1989), or where a "movant's allegations, viewed against the record" are "palpably incredible or patently frivolous." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "Deficiency," therefore, imposes on the movant the "burden . . . to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787.

The prejudice prong is just as strict. The movant must demonstrate a "reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("reasonable probability" is "sufficient to undermine confidence in the outcome"); *see also Wong v. Belmontes*, 130 S. Ct. 383, 390–391 (2009) (burden on claimant) (quoting *Strickland*, 466 U.S. at 694); *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (in addition to defective performance, movant "must also meet the substantial burden" of establishing prejudice). The movant thus does not prove

prejudice by (1) listing the things he thinks his attorney "should have done," and then (2) speculating that, had he done them, there might have been a different outcome. Rather, the movant must state the *specific facts* that – but for counsel's deficient performance – would have likely produced a more favorable result. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citation omitted); *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) ("Gonzalez does not contend that he actually suffered from a mental illness; he merely argues that *if* tests had been done, and *if* they had shown evidence of some brain damage or trauma, it *might have* resulted in a lower sentence. Such speculation is plainly insufficient to establish prejudice.") (emphases in original) (citation omitted). Where the movant claims that his counsel's deficient performance caused him to plead guilty, therefore, he must – through a "statement of *specific* facts," *James*, 24 F.3d at 26 (emphasis added) – demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and *would have insisted on going to trial*." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (emphasis added).

It plainly appears from the motion that Wiley is not entitled to relief on his First, Second, Ninth, Tenth, and Eleventh grounds for relief, each of which is grounded in an assertion of ineffective assistance of counsel.  Wiley's assertion that his counsel was ineffective after his appeal was denied for, inter alia, failing to advise Wiley that he could file a petition for writ of certiorari, is without merit.  His Ninth, Tenth, and Eleventh grounds for relief rest upon general assertions of deficiencies.  To the extent Wiley alleges specific facts, they are contrary to the record.

Wiley's Second ground for relief fails for several reasons.  First, prior to the issuance of the mandate, Wiley filed a motion bringing the Supreme Court's decision in *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151 (2013) to the attention of the Ninth Circuit.

The Ninth Circuit denied that motion. Second, the underlying premise that, in light of *Alleyne*, his sentences violated his Fifth and Sixth Amendment rights is without any merit. In *Alleyne*, the Supreme Court overruled *Harris v. United States,* 536 U.S. 545 (2002) and concluded "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne,* 133 S.Ct. at 2155. The record in the present matter establishes that the indictment alleged each fact necessary to establishing the minimum statutory penalties, the jury was instructed on each of the elements necessary to establishing the minimum statutory penalties, and that the jury returned a verdict establishing that (as to those counts on which it convicted the defendant) it had found the government met its burden of proof as to each of the elements necessary to establishing the minimum statutory penalties.

Wiley's Third, Fourth, Fifth, Sixth, and Eighth grounds for relief fail as they are unsupported by the record and are without merit. Wiley's federal custody is not rendered unconstitutional because the Ninth Circuit treated his pro-se motion to recall mandate (filed before the mandate was issued) as a petition for rehearing. The record further establishes that the court's imposition of sentences pursuant to 18 U.S.C. §924(c) for the defendant's numerous convictions for using a firearm during and in relation to a crime of violence was consistent with the "rule of lenity." Neither does the allegation that each of the crimes of violence were committed as part of a spree, and used the same firearm, establish that this court abused its discretion in imposing a sentence for each conviction for using a firearm during and in relation to the underlying crimes of violence. Nor did this court abuse its discretion in its instructions to the jury.

Therefore, for good cause shown,

THE COURT **ORDERS** that Grounds One, Two, Three, Four, Five, Six, Eight, Nine, Ten, and Eleven of Defendant's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#204) are DISMISSED;

5

1  THE COURT FURTHER **ORDERS** that the United States shall file an answer, motion, or otherwise respond to Ground Seven of Defendant's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#204) within 30 days of the filing of this order.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall provide a copy of this Order to the Defendant and to the United States Attorney.

DATED this __6__ day of February, 2015.

_____
Lloyd D. George
United States District Judge