# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JASON WILEY,<br><br>    Defendant. | Case No. 2:10-cr-00456-LDG (VCF)<br><br>**ORDER** |

      The defendant, Jason Wiley, moves to amend (#215) his original 28 U.S.C. § 2255 motion (#204).[1]  The Court will deny the motion.

      Wiley appealed his conviction and sentence and the Ninth Circuit affirmed, entering its judgment on October 3, 2013.  Wiley did not file a certiorari petition. Wiley filed his original §2255 motion on December 11, 2014.  On February 6, 2015, this Court dismissed all of his claims except for ground seven.  Among the dismissed claims, the Court dismissed Wiley's sixth ground for relief that his conviction violated his Fifth Amendment and Double Jeopardy rights, his eighth ground that the jury instructions were prejudicial, and his tenth ground that his counsel was ineffective for failing to properly explain the

---

[1]    Wiley has also moved (#218) to supplement his reply, which motion the Court will grant.

government's plea offer.  The Court did not dismiss Wiley's seventh ground for relief that his counsel was ineffective in his pretrial investigations.

Wiley filed a motion to amend on March 9, 2015, asserting four grounds for relief:

(1) Counsel failed to object to the multiple convictions on double jeopardy grounds;

(2) Counsel failed to object to erroneous jury instructions;

(3) Counsel failed to properly advise Wiley concerning the government's plea offer; and,

(4) Counsel failed to adequately cross-examine witnesses.

When a petitioner does not file a certiorari petition, his conviction becomes final ninety days after the date of the judgment. *U.S. v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000).  He has one year from the date his conviction becomes final to file a 28 U.S.C. § 2255 motion. *Id.*, at 1059 (citing 28 U.S.C. § 2255(f)).  When petitioner amends the original motion after the one-year statute of limitations, the amended claims are untimely unless the claims relate back to the original claim. *Mayle v. Felix*, 545 U.S. 644, 650 (2005).  Amended claims do not relate back when the amended claims differ from the original claims in both "time and type." *Id*.

The Court will deny the motion to amend for two reasons.  First, the first, second, and third proposed grounds for relief re-raise issues this Court has previously addressed.  Second, the proposed fourth ground for relief does not relate back to the original claims, and is untimely.

Wiley is re-raising claims that this Court has previously dismissed.  Of the grounds raised in the original motion, this Court dismissed ground six's double jeopardy claim, ground eight's jury instruction claim, and ground ten's plea offer claim. Proposed grounds one, two, and three of the amended §2255 motion are merely restating or re-raising these claims.  Proposed ground one is re-raising the double jeopardy claim, proposed ground two

is re-raising the erroneous jury instruction claim, and proposed ground three is re-raising the plea offer claim.

Proposed ground four is untimely and does not relate back to the original motion. Wiley did not file a certiorari petition after the Ninth Circuit entered its judgment on October 3, 2013.  Thus, Wiley's judgment became final on January 2, 2014, ninety days after the date of the Ninth Circuit's judgment.  Wiley had until January 2, 2015, one year from his judgment becoming final, to file the §2255 motion.  While Wiley's original §2255 motion is timely, he filed his  motion to amend on March 9, 2015.  Wiley's amended motion is outside the one-year statue of limitations and thus, is untimely. In order to amend his original motion, the new claim needs to relate back to the original claim.

The proposed ground four does not relate back to the remaining ground seven in the original §2255 motion as the two grounds differ in "time and type."  Ground seven in the original motion involves pretrial investigations, while the proposed ground four involves events that occurred during trial.  Accordingly, proposed ground four differs in "time" from the remaining claim in the original §2255 motion.  Additionally, ground seven of the original §2255 motion concerned counsel's alleged ineffectiveness in pre-trial investigations, while the proposed ground four of the amended §2255 motion concerns witness cross-examinations at trial.   Thus, proposed ground four of amended §2255 motion differs in "type."  Therefore,

THE COURT **ORDERS** that Defendant's Motion to Amend (#215) is DENIED.

DATED this 9 day of October, 2015.

_____
Lloyd D. George
United States District Judge

3