# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON WILEY,

    Defendant.

Case No. 2:10-cr-00456-LDG (VCF)

**ORDER**

    The defendant, Jason Wiley, moves to amend (ECF No. 224) his pending 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (ECF No. 204). Alternatively, he has moved for leave to file a second or successive § 2255 motion (ECF No. 225). Both motions seek leave of the Court to pursue a claim that his 18 U.S.C. §924(c) convictions are unconstitutional in light of *Johnson v. United States, 135 S. Ct. 2551 (2015)*. Consistent with these motions, Wiley filed a second amended abridged § 2255 motion (ECF No. 227) and a second § 2255 motion (ECF No. 228). As the Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness, the Court will deny his motion to amend and his motion for leave to file a second or successive §2255 motion.

Wiley was convicted of conspiracy to interfere with commerce by armed robbery, nine counts of interence with commerce by armed robbery ("Hobbs Act robbery") in violation of 18 U.S.C. § 1951, and ten counts of using a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). He seeks leave to amend his § 2255 motion to attack the latter convictions or, alternatively, to file a second §2255 motion to attack those convictions.

In *Johnson v. United States, 135 S. Ct. 2551 (2015)*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), (2)(B)(ii), was unconstitutionally vague. In his proposed second §2255 motion or amended motion, Wiley argues that *Johnson* is equally applicable to §924(c) cases. The Ninth Circuit, however, has recently held to the contrary, finding that "[t]he Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." *United States v. Blackstone*, 2018 WL 4344096, *7 (9th Cir., Sept 12, 2018). As indicated by the Ninth Circuit, "[t]he Supreme Court may hold in the future that *Johnson* extends to sentences imposed . . . pursuant to 18 U.S.C. § 924(c), but until then [defendant's] motion is untimely." *Id*.

Wiley moves to stay (ECF No. 239) consideration of his motions until the Ninth Circuit issues "the mandate in *Blackstone* or until the United States Supreme Court resolves certiorari of *Blackstone*, whichever is later." As the Ninth Circuit has issued its decision in *Blackstone*, however, this Court is bound to follow that decision. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).

Accordingly,

THE COURT **ORDERS** that the United States' Motion for Leave to Advise the Court of Relevant New Authority (ECF No. 238) is GRANTED.

THE COURT FURTHER **ORDERS** that Defendant's Motion to Stay (ECF No. 239) is DENIED.

THE COURT FURTHER **ORDERS** that Defendant's Motion to Amend his Pending Section 2255 Motion (ECF No. 224) is DENIED.

THE COURT FURTHER **ORDERS** that Defendant's Motion for Leave to File a Second or Successive Motion (ECF No. 225) is DENIED.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall strike the Amended Abridged Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 227) and the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 228).

THE COURT FURTHER **ORDERS** that Defendant's Motion for Leave to File Supplemental Authority (ECF No. 230) is DENIED as moot.

DATED this 18 day of March, 2019.

Lloyd D. George
United States District Judge