RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
Cristen C. Thayer
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Cristen_thayer@fd.org

Attorney for Jason Wiley

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>           Respondent/Plaintiff,<br><br>v.<br><br>Jason Wiley,<br><br>           Petitioner/Defendant. | Case No. 2:10-cr-00456-LDG-VCF-2<br><br>**Petitioner's Unopposed Motion to Reconsider Order Striking Pleadings From Record (ECF No. 242)** |

    Petitioner Jason Wiley moves this Court to reconsider striking from the record two of his pleadings. On May 4, 2016, Wiley, acting pro se, moved to amend his pending motion under 28 U.S.C. § 2255 to include a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF Nos. 223, 224. Wiley also filed a motion for leave to file a second or successive motion under 28 U.S.C. § 2255 to raise a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 225.

On June 21, 2016, per the General Order of the District of Nevada, counsel from the Federal Public Defender entered an appearance to represent Wiley to litigate his *Johnson* claim. ECF No. 226. The same day, counsel filed an Amended Abridged Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 227. On December 20, 2016, counsel filed a complete motion to vacate raising Wiley's *Johnson* claim. ECF No. 228.

The Court ordered the government to respond. ECF No. 229. In response, the government suggested that this Court:

(1) treat Wiley's pleadings filed by counsel as an amendment to his still-pending pro se § 2255 motion;

(2) accept the government's response as a response to the *Johnson* argument raised in that amendment; and

(3) decide the issue raised in the amendment along with the still-pending ineffective assistance of counsel claims in Ground Seven of Wiley's initial pro se § 2255 motion.

ECF No. 231, at pp.1-2 n.1.

On September 12, 2018, the Ninth Circuit issued *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018), which held motions for relief under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), are untimely for challenges to 18 U.S.C. § 924(c) convictions and sentences, and sentences imposed under the mandatory guideline regime.

Based on *Blackstone*, on March 19, 2019, the Court denied Wiley's pro se motion to amend his pending § 2255 motion and motion to file a second or successive § 2255 motion. ECF No. 242 at 3. The Court also ordered, sua sponte, that the court clerk strike from the record the abridged and complete motions to vacate filed by counsel. ECF No. 242 at 3.

Wiley respectfully requests the Court reconsider the portion of the Order striking his pleadings from the record. Counsel for the appellant in *Blackstone* is seeking review from the United States Supreme Court. The certiorari petition is currently due May 17, 2019. *See Blackstone v. United States*, United States Supreme Court Docket, No. 18A961, available at https://www.supremecourt.gov/Search.aspx?FileName=/docket/docketfiles/html/public\18a961.html. The timeliness issue as to *Johnson* claims and § 924(c) has thus not been resolved by the Supreme Court.

Should Wiley appeal this Court's denial of his attempt to raise a *Johnson* claim, the United States Court of Appeals for the Ninth Circuit will require Wiley to submit the pertinent portions of the record below. Specifically, Ninth Circuit Rule 30-1:

> [R]equires the parties to prepare excerpts of record. The purpose of the excerpts of record is to provide each member of the panel with those portions of the record necessary to reach a decision. The parties should ensure that in accordance with the limitations of Circuit Rule 30-1, those parts of the record necessary to permit an informed analysis of their positions are included in the excerpts.

To allow Wiley to exercise his appellate rights, he therefore requests the Court reconsider its decision to strike his pleadings filed by counsel (ECF Nos. 227, 228). Just as the Court denied Wiley's pro se motions (ECF Nos. 224, 225) but left the underlying motions on the record for appellate review, the Court may similarly deny his abridged and completed motions to vacate filed by counsel (ECF Nos. 227, 228), but leave counsel's underlying motions on the record to allow for appellate review.

On April 29, 2019, undersigned contacted counsel for the government, Assistant United States Attorney Elizabeth Olson White, who advised the government has no opposition to Wiley's request made in this Motion.

Dated: April 30, 2019.

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

By: */s/ Cristen C. Thayer*
Cristen C. Thayer
Assistant Federal Public Defender

IT IS SO ORDERED:

_____
United States District Court Judge

Dated: 22 MAY 2019

4