# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON WILEY,

    Defendant.

Case No. 2:10-cr-00456-LDG (VCF)

**ORDER**

The defendant, Jason Wiley, moves to vacate, set aside, or correct his sentence (ECF No. 204), arguing that his counsel was ineffective in his investigation in preparing for trial.[1] The United States has filed a response and has filed the affidavit of defense counsel relevant to defendant's motion. (ECF Nos. 219, 220). Having reviewed the record, including defense counsel's affidavit and the transcript of the trial, the Court will deny the §2255 motion and will decline to issue a certificate of appealability.

---

[1] The Court previously dismissed the other grounds raised by the defendant in his §2255 motion.

To prevail on a claim of ineffective assistance under 28 U.S.C. § 2255, Wiley must demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness (the "deficiency" prong); *and* (2) that counsel's deficient performance prejudiced the defendant (the "prejudice" prong). *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Supreme Court has emphasized that the movant must make a compelling evidentiary showing in order to satisfy the deficiency prong:

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance.

*Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (internal citations and quotations omitted). The Court reviews ineffectiveness claims against the backdrop of the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Stokley v. Ryan*, 659 F.3d 802, 811-12 (9th Cir. 2011). There is no constitutional deficiency where counsel fails "to raise a meritless legal argument," *Shah v. United States*, 87 F.3d 1156, 1162 (9th Cir. 1989), or where a "movant's allegations, viewed against the record" are "palpably incredible or patently frivolous." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "Deficiency," therefore, imposes on the movant the "burden . . . to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787.

The prejudice prong is just as strict. The movant must demonstrate a "reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("reasonable probability" is "sufficient to undermine confidence in the outcome"); *see also Wong v. Belmontes*, 130 S. Ct. 383, 390–391 (2009) (burden on claimant) (quoting *Strickland*, 466 U.S. at 694); *United States v. Palomba*, 31

2

F.3d 1456, 1461 (9th Cir. 1994) (in addition to defective performance, movant "must also meet the substantial burden" of establishing prejudice). The movant thus does not prove prejudice by (1) listing the things he thinks his attorney "should have done," and then (2) speculating that, had he done them, there might have been a different outcome. Rather, the movant must state the *specific facts* that – but for counsel's deficient performance – would have likely produced a more favorable result. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citation omitted); *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) ("Gonzalez does not contend that he actually suffered from a mental illness; he merely argues that *if* tests had been done, and *if* they had shown evidence of some brain damage or trauma, it *might have* resulted in a lower sentence. Such speculation is plainly insufficient to establish prejudice.") (emphases in original) (citation omitted). Where the movant claims that his counsel's deficient performance caused him to plead guilty, therefore, he must – through a "statement of *specific* facts," *James*, 24 F.3d at 26 (emphasis added) – demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and *would have insisted on going to trial.*" *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (emphasis added).

"The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "No evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989). A district court may consider common sense and its experience with the allegedly ineffective attorney in determining that allegations are palpably incredible.

3

*See id.* ("[C]ommon sense suggests that it would be highly unusual for defense counsel to give a client the advice [defendant] asserts that he received. This is particularly true in light of the district court's own knowledge of defense counsel's competence and experience.").

In his motion, Wiley identifies eleven alleged failures of his counsel in preparing for trial, including several allegations that counsel failed to file pre-trial motions, several allegations that counsel failed to review discovery obtained from the government,[2] an allegation that counsel failed to hire a private investigator, and several allegations that counsel not only didn't talk with witnesses, but refused to talk with those witnesses.[3]

In considering Wiley's allegations, the Court has reviewed the record, including pre-trial motions and responses filed by the parties, hearings, and the record of the trial and sentencing. The evidence that the government presented against Wiley at trial was overwhelming. The government presented surveillance footage, eyewitness testimony, and extensive testimony from Wiley's co-conspirator, Christopher DiBlasio. When police arrested Wiley, they found $1,384 in his shoes and pockets. In searching the vehicle he was driving at the time he was pulled over (which was rented in his name), police found some of the items stolen during the robberies, clothing that the co-conspirators wore during the robberies, and one of the guns used in the robberies.

Counsel has submitted an affidavit that conclusively rebuts Wiley's claims. Counsel explains that contrary to Wiley's allegations, he hired an investigator, reviewed the

---

[2] Wiley also alleges his counsel failed to require the government to produce a video that, Wiley argues, the government did not produce because it "was not so effective." Wiley goes on to argue that, regardless of the actual condition of the video, it nevertheless would have been exculpatory.

[3] While Wiley also alleges that counsel did talk to one witness, he asserts this was ineffective as the witness was a co-defendant. (The witness identified by Wiley was not indicted as a co-defendant. Rather, the record indicates that the witness may have been a co-conspirator.) He asserts this interview created a conflict of interest.

discovery, visited the crime scenes, and spoke with or attempted to speak with witnesses, including alibi witnesses. Wiley cannot maintain his claim that his counsel was ineffective because he failed to file certain pre-trial motions. The absence of a filed pre-trial motion, without more, does not suggest that counsel's performance fell below an objective standard. Rather, Wiley has the burden of alleging facts permitting an inference that the failure to file a specific motion constitutes a deficient performance by counsel. He has not done so.

### Certificate of Appealability

To appeal this order, Wiley must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

The Court will deny the certificate of appealability for the same reasons its has denied Wiley's claims. The record establishes that his counsel did not provide ineffective assistance in preparing for trial, including in his efforts to investigate and to interview witnesses. Therefore, for good cause shown,

Accordingly,

THE COURT **ORDERS** that Jason Wiley's Motion to Extend Time (ECF No. 222) is DENIED;

THE COURT FURTHER **ORDERS** that Jason Wiley's Motion to Supplement (ECF No. 218) is GRANTED;

THE COURT FURTHER **ORDERS** that Jason Wiley's Seventh Ground for Relief in his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 is DENIED.

THE COURT **DECLINES** to issue a Certificate of Appealability.

DATED this 31 day of January, 2020.

_____
Lloyd D. George
United States District Judge