# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Jason Wiley | ) | Case Number: 2:10-cr-00456-APG-VCF-2 |
| | ) | USM Number: 45344-048 |
| **Date of Original Judgment:** 6/1/2012 | ) | Sarah Ashley Ferguson |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.
☑ was found guilty on count(s)  1-4, and 7-22 of the Second Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951 and 2 | Interference with Commerce by Armed Robbery and Aiding and Abetting | 8/21/2010 | 1ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 8/21/2010 | 2ss |
| 18:1951 and 2 | Interference with Commerce by Armed Robbery and Aiding and Abetting | 8/21/2010 | 3ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 8/21/2010 | 4ss |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s)  all remaining  ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/26/2022
Date of Imposition of Judgment

*(signature)*
Signature of Judge

ANDREW P. GORDON, U.S. DISTRICT JUDGE
Name and Title of Judge

May 31, 2022
Date

DEFENDANT: Jason Wiley
CASE NUMBER: 2:10-cr-00456-APG-VCF-2

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951 and 2 | Interference with Commerce by Armed Robbery | 8/22/2010 | 7ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence | 8/22/2010 | 8ss |
| 18:1951 and 2 | Interference with Commerce by Armed Robbery and Aiding and Abetting | 8/22/2010 | 9ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 8/22/2010 | 10ss |
| 18:1951 and 2 | Interference with Commerce by Armed Robbery and Aiding and Abetting | 8/22/2010 | 11ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 8/22/2010 | 12ss |
| 18:1951 | Interference with Commerce by Armed Robbery | 8/23/2010 | 13ss |
| 18:924(c)(1) | Use of a Firearm During and in Relation to a Crime of Violence | 8/23/2010 | 14ss |
| 18:1951 and 2 | Interference with Commerce by Armed Robbery and Aiding and Abetting | 8/23/2010 | 15ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 8/23/2010 | 16ss |
| 18:1951 and 2 | Interference with Commerce by Armed Robbery and Aiding and Abetting | 8/23/2010 | 17ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 8/23/2010 | 18ss |
| 18:1951 and 2 | Interference with Commerce by Armed Robbery and Aiding and Abetting | 8/23/2010 | 19ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 8/23/2010 | 20ss |
| 18:1951 | Conspiracy to Interfere with Commerce by Armed Robbery | 8/23/2010 | 21ss |
| 18:924(c)(1) and 2 | Use of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting | 8/23/2010 | 22ss |

DEFENDANT: Jason Wiley
CASE NUMBER: 2:10-cr-00456-APG-VCF-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

One month, per counts 1, 3, 7, 9, 11, 13, 15, 17, 19, and 21, concurrent.
Seven years, per counts 2, 4, 8, 10, 14, 16, and 20, consecutive to counts 1, 3, 7, 9, 11, 13,1 5, 17, 19, and 21.
Ten years, per counts 12 and 18, consecutive.
All concurrent to the state case.

☑ The court makes the following recommendations to the Bureau of Prisons:
  Based on the proximity of family, the court recommends the defendant be permitted to serve his term of incarceration at FCI Tucson, AZ or FCI Atlanta, GA.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20) - Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:10-cr-00456-APG-VCF Document 284 Filed 05/31/22 Page 4 of 11
(NOTE: Identify Changes with Asterisks (*))
Judgment—Page 4 of 8

DEFENDANT: Jason Wiley
CASE NUMBER: 2:10-cr-00456-APG-VCF-2

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years, per counts 1, 3, 7, 9, 11, 13, 15, 17, 19, and 21,
5 years, per counts 2, 4, 8, 10, 12, 14, 16, 18, and 20, all concurrent.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/20) — Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Case 2:10-cr-00456-APG-VCF   Document 284   Filed 05/31/22   Page 5 of 11

Judgment—Page 5 of 8

DEFENDANT: Jason Wiley
CASE NUMBER: 2:10-cr-00456-APG-VCF-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Jason Wiley
CASE NUMBER: 2:10-cr-00456-APG-VCF-2

## SPECIAL CONDITIONS OF SUPERVISION

1. Substance Abuse Treatment – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

2. Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

3. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

4. Access to Financial Information – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

5. Debt Obligations – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 2:10-cr-00456-APG-VCF   Document 284   Filed 05/31/22   Page 7 of 11

Judgment — Page 7 of 8

DEFENDANT: Jason Wiley
CASE NUMBER: 2:10-cr-00456-APG-VCF-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 1,900.00 | $ 2,931.77 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| (see attached restitution list) | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 2:10-cr-00456-APG-VCF Document 284 Filed 05/31/22 Page 8 of 11
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 8 of 8

DEFENDANT: Jason Wiley
CASE NUMBER: 2:10-cr-00456-APG-VCF-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 4,831.77 due immediately, balance due

☐ not later than _____, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| 2:10-CR-456-LDG-VCF (Co-Defendant Christopher Diblasio) | $2,931.77 | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
(see attached final order of forfeiture)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

```
                    FILED            RECEIVED
                    ENTERED          SERVED ON
                                     COUNSEL/PARTIES OF RECORD

                         MAY 2 4 2012

                    CLERK US DISTRICT COURT
                       DISTRICT OF NEVADA
               BY:                          DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JASON WILEY,<br><br>      Defendant. | 2:10-CR-456-LDG (VCF) |

### FINAL ORDER OF FORFEITURE

On December 2, 2011, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), based upon the jury verdict finding defendant JASON WILEY guilty of criminal offenses, forfeiting specific property alleged in the Second Superseding Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which defendant JASON WILEY was found guilty. Superseding Indictment, ECF No. 80; Minutes of Jury Trial Proceedings, ECF No. 132; Jury Verdict, ECF No. 136; Preliminary Order of Forfeiture, ECF No. 140.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from December 10, 2011, through January 8, 2012, notifying all third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 152.

. . .

1  This Court finds no petition was filed herein by or on behalf of any person or entity and the
2  time for filing such petitions and claims has expired.
3  This Court finds no petitions are pending with regard to the assets named herein and the time
4  for presenting such petitions has expired.
5  THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,
6  title, and interest in the property hereinafter described is condemned, forfeited, and vested in the
7  United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.
8  32.2(c)(2); Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section
9  2461(c); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to
10 law:
11  a)  a Bryco Arms, Jennings T380, .380 Auto, serial #1421101; and
12  b)  any and all ammunition.
13  The Clerk is hereby directed to send copies of this Order to all counsel of record and
14 three certified copies to the United States Attorney's Office.
15  DATED this 24 day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE

**U.S. v. Jason Wiley**
**2:10-cr-00456-LDG-LRL**
**Restitution List**

| | |
|---|---|
| Snackers Mini Mart<br>9430 Peace Way<br>Las Vegas, Nevada 89147 | $170.00 |
| Roberto's Taco Shop<br>4690 West Cactus Avenue<br>Las Vegas, Nevada 89141 | $748.77 |
| Pitstop Convenience Store<br>5235 South Decatur Blvd.<br>Las Vegas, Nevada 89118 | $75.00 |
| Circle K Convenience Store<br>4495 South Buffalo Drive<br>Las Vegas, Nevada 89147 | $80.00 |
| Emerald Suites<br>4777 Cameron Street<br>Las Vegas, Nevada 89103 | $400.00 |
| Speedee Mart<br>10490 South Decatur Blvd.<br>Las Vegas, Nevada 89141 | $261.00 |
| Brando's Sport Bar<br>3725 Blue Diamond Road<br>Las Vegas, Nevada 89139 | $792.00 |
| Terrible Herbst<br>10590 Southern Highlands Parkway<br>Las Vegas, Nevada 89141 | $85.00 |
| Dotty's Bar<br>9185 South Jones Blvd.<br>Las Vegas, Nevada 89141 | $320.00 |
| TOTAL: | $2,931.77 |

FILED / ENTERED
RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 2 4 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY