UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>JASON WILEY,<br><br>    Defendant | Case No.: 2:10-cr-00456-APG-VCF<br><br>**Order Granting in Part Motion for Reduction of Sentence**<br><br>**[ECF No. 316]** |

    Jason Wiley was convicted by a jury of various crimes related to a string of armed robberies he and others committed. He was sentenced to over 237 years in prison. Later, one of the counts of conviction was overturned and the First Step Act reduced the mandatory minimum sentence for some gun crimes, so I decided to resentence Wiley. ECF No. 273 at 32-35. I sentenced him to 69 years and one month in prison, primarily based on the mandatory, consecutive minimum sentences for his nine gun convictions. ECF No. 284. He has served nearly 14 years of that sentence. Wiley now moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(1).

    The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons."[1] I also must consider the factors in

---

[1] The statute authorizes a reduction only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Wiley has satisfied this requirement.

18 U.S.C. § 3553(a) and the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13).

**I. Extraordinary and compelling reasons justify reducing Wiley's sentence.**

    **A. The Bureau of Prison's miscalculation of Wiley's release date**

After I resentenced Wiley to over 69 years in prison, the Bureau of Prisons (BoP) incorrectly calculated his release date to be September 6, 2025.  Wiley told his family of that new release date, and they and he began planning for his upcoming release.  The BoP even relocated Wiley to a minimum-security facility and informed him that he would be transferred to a halfway house in anticipation of his 2025 release.  Nine months later, the BoP corrected its mistake and changed his release date to December 29, 2069.

Based on the sentence I imposed, Wiley should have realized the BoP's miscalculation of his release date was a mistake and should not have relied upon it.  The BoP's error, even if it raised his and his family's hopes, does not constitute an extraordinary and compelling reason to justify compassionate release.  *But cf. United States v. Fields*, 554 F. Supp. 3d 324, 336 (D.N.H. 2021) (finding extraordinary and compelling reasons based on the BoP's misclassification of defendant, which caused him to suffer multiple physical assaults, unusually harsh conditions of confinement, and lack of participation in rehabilitative programs and sentence reduction credits).

    **B. Wiley's efforts at rehabilitation**

Despite receiving what is practically a life sentence, Wiley has taken great steps to rehabilitate himself.  He has completed a number of classes, including vocational training, and has obtained his GED. ECF No. 278-7.  He has a clean disciplinary record.  "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). *See also* U.S.S.G. § 1B1.13 App. Note 3 (same).  But it can be considered "in

combination with the other reasons . . . ." U.S.S.G. § 1B1.13 App. Note 1(D). *See United States v. Van Putten*, No. 04 CRIM. 803 (GBD), 2024 WL 1332024, at *8 (S.D.N.Y. Mar. 27, 2024) ("Defendant's impressive disciplinary record and extensive rehabilitation efforts [despite a life sentence without possibility of parole] further counsel in favor of a reduction.").

### C. The length of Wiley's sentence

Wiley's sentence is incredibly long, especially given that less than $3,000 was stolen and no one was injured in the robberies. In 2023, the average sentence for all defendants convicted of gun crimes under § 924(c) was 145 months. *See* 924(c) Firearms, available at https://www.ussc.gov/research/quick-facts/section-924c-firearms. And the average federal murder sentence is approximately 20 years, less than one-third of Wiley's sentence. *United States v. Monteleone*, No. 92-CR-351 (ARR), 2023 WL 2857559 at *5, (E.D.N.Y. Apr. 10, 2023).[2] Wiley's 69-year sentence was required because of the stacking of the mandatory, consecutive sentences for his nine gun convictions.

Courts have "found that unfairly long sentences may constitute an extraordinary and compelling reason for early release." *Fields*, 554 F. Supp. 3d at 336; *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021) (affirming compassionate release in part due to the "incredible length of" a 55-year prison term for three armed robberies due to the defendant's stacked mandatory sentences under § 924(c)).

////

---

[2] *See also United States v. Brown*, 78 F.4th 122, 131 (4th Cir. 2023) ("[I]n 2022, the national average sentence for murder was 261 months (or about twenty-two years), and the national average sentence for kidnapping was 184 months (or about fifteen years).") (citing U.S. Sentencing Commission, Statistical Information Packet, Fiscal Year 2022, Fourth Circuit, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2022/4c22.pdf [https://perma.cc/9XBB-TZZQ] (last visited July 24, 2023)).

### D. Consideration of these factors

Wiley argues that these factors constitute extraordinary and compelling reasons to reduce his sentence. The BoP's miscalculation, by itself, would not satisfy § 3582(c)(1)(A). But when considered in combination with his incredibly long sentence and his strong record of rehabilitation despite almost no hope of release, the combination of these factors amounts to extraordinary and compelling reasons within the meaning of § 3582(c)(1)(A).

## II. A sentence reduction is justified by the § 3553(a) factors and the Sentencing Commission's policy statements.

I also must consider the factors in 18 U.S.C. § 3553(a) and the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Section 3553(a) requires me to consider the nature and circumstances of Wiley's crimes; his history and characteristics; and the need for the sentence to reflect the seriousness of the crimes, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, provide needed education or training, and avoid sentencing disparities.

Wiley's crimes are serious, indeed. He committed a string of armed robberies that placed many people at risk and in fear of death or injury. Several victims testified about their fear and the long-lasting impacts Wiley's actions had on them. Wiley's crimes were even worse because he had two minors commit the armed robberies with him, teaching them how to commit such heinous crimes. Obviously Wiley earned a lengthy sentence. He and others need to be deterred from committing these crimes, and the public needs the protection of a lengthy sentence.

Wiley's efforts to rehabilitate himself while serving what is practically a life sentence reflects well on his personal characteristics. *See Monteleone*, 2023 WL 2857559, at *5 ("evidence of post-sentencing rehabilitation may plainly be relevant to the history and

4

characteristics of the defendant") (simplified).  As I said at his sentencing hearing, he is a far different person than the one who committed these robberies. ECF No. 291 at 21-22.

Wiley's co-defendant, who pleaded guilty under a plea agreement, was sentenced to 25 years in prison.[3] ECF No. 146 at 2.  A "codefendant's acceptance of a guilty plea is a permissible explanation for a sentencing disparity." *United States v. Valdez-Lopez*, 4 F.4th 886, 893 (9th Cir. 2021).  But "[o]pting for trial instead of pleading guilty or cooperating with the government does not counteract a disparity so as to foreclose the potential for compassionate release." *Van Putten*, 2024 WL 1332024, at *7.

In order to reflect the seriousness of the crimes, impose just punishment, deter criminal conduct, and protect the public, immediate release is not warranted.  However, the extraordinary length of Wiley's sentence—especially in comparison to similarly charged defendants—does not provide just punishment or promote respect for the law.  Wiley has worked to rehabilitate himself even while facing a likely life sentence.  These factors, and to avoid sentencing disparities, support a reduced sentence.

Reducing Wiley's sentence also comports with the Sentencing Commission's policy statements. *See* U.S.S.G. § 1B1.13 App. Note 1(D) (rehabilitation can be considered "in combination with the other reasons").  Policy Statement 1B1.13 requires me to determine whether Wiley is "a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g)."  Wiley has a clean disciplinary record over his 14 years in prison, and he has taken great strides to rehabilitate himself.  I do not find him to be a danger to anyone.

Based on all of these factors, I will reduce Wiley's sentence to 25 years.

/ / / /

---

[3] His sentence was later reduced to 14 years.

### III. Allocation of the sentence among the counts of conviction

Wiley was sentenced for many crimes, some of which had mandatory and consecutive sentences for each crime. This makes it difficult to allocate the 25-year sentence I am imposing. I sought guidance from the BoP, which is responsible for the computation of the sentence I impose. The BoP prefers an individualized breakdown of the sentence for each count of conviction because it is required to enter that specific information into a database. The BoP offered me no suggestion as to how to allocate the sentence to the individual counts of conviction. When resentencing under 18 U.S.C. § 3582(c)(1), I am not bound by the mandatory or consecutive nature of the sentences for the gun charges. Therefore, I will allocate the 25-year sentence as follows:

One month per count for counts 1, 3, 7, 9, 11, 13, 15, 17, 19, and 21, all concurrent;

300 months per count for counts 2, 4, 8, 10, 14, 16, and 20, each concurrent to each other and concurrent to all other counts;

300 months per count for counts 12 and 18, concurrent to each other and concurrent to all other counts;

All concurrent to Wiley's state court conviction.

### IV. Conclusion

I THEREFORE ORDER that Wiley's motion for reduction or modification of sentence **(ECF No. 316) is granted in part**. Wiley's sentence is reduced to the following:

One month per count for counts 1, 3, 7, 9, 11, 13, 15, 17, 19, and 21, all concurrent;

300 months per count for counts 2, 4, 8, 10, 14, 16, and 20, each concurrent to each other and concurrent to all other counts;

300 months per count for counts 12 and 18, concurrent to each other and concurrent to all other counts;

All concurrent to Wiley's state court conviction.

**Total sentence: 300 months**

I FURTHER ORDER that all other terms of Wiley's amended Judgment of Conviction (ECF No. 284), including the length and conditions of his supervised release, restitution, and assessments are unchanged.

DATED: August 29, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE